IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MARK ANTHONY FRENCH,

      Petitioner,

v.                                  CASE NO. 5:10-cv-162-MCR-GRJ

SECRETARY, DEPT. OF
CORRECTIONS,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Doc. 1. The Respondent filed a response and an appendix with relevant portions of the state-court record. Docs. 15, 16. Petitioner was afforded an opportunity to file a reply, but did not do so. Upon due consideration of the Petition, the Response, and the state-court record, the undersigned recommends that the Petition be denied.[1]

## Summary of State Court Proceedings

The Petition stems from an incident on May 29, 2004, in Blountstown, Florida. Arrest records reflect that officers with the Blountstown Police Department (BPD) responded to a noise complaint at an apartment complex. Officer Eddie Dalton encountered Petitioner and advised him to turn the volume down on his music. Petitioner put his hand in his pocket and refused an order to remove it. Dalton deployed

---

[1]Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

his Taser on Petitioner. Petitioner fell to the ground and then pulled a .38 caliber revolver out of his pocket and fired several shots at Dalton. Dalton returned fire and fled into a wooded area for cover. Lt. R. W. Smith arrived as backup and fired at Petitioner, who fired back at Smith. Smith returned fire once more, and Petitioner subsequently gave up. He was subdued by officers and transported to a hospital for treatment of a gunshot wound to his upper thigh. App. Exh. A.

Petitioner was charged with 10 counts: attempted first degree murder of law enforcement officers (Counts I & II); aggravated assault on law enforcement officers (Counts III & IV); resisting law enforcement officers with violence (Counts V & VI); disorderly conduct (Count VII); carrying a concealed firearm (Count VIII); and battery on law enforcement officers (Counts IX & X). App. Exh. B.

The State announced *nolle prosequi* of Counts VII, IX, and X. App. Exh. E. The jury returned verdicts of not guilty on Counts I, II, and IV, and returned verdicts of guilty on Counts III (aggravated assault on Dalton), V & VI (resisting Dalton and Smith with violence), and VIII (carrying a concealed firearm). *Id*. at 411-412; F. Petitioner was sentenced to 15 years imprisonment on Count III and five years imprisonment on Counts V, VI, and VIII; all sentences to be served consecutively. App. Exh. G, H.

The Florida First DCA affirmed in part and reversed in part, concluding that Petitioner could only be convicted of one count of resisting a law enforcement officer with violence because the event was a single episode. Petitioner's remaining convictions were affirmed. App. Exh. M; *French v. State*, 935 So.2d 629 (Fla. 1st DCA 2006). Petitioner's conviction on Count VI (resisting Smith with violence) was vacated, and he was resentenced. He unsuccessfully sought a reduction in sentence by way of a

Fla. R. Crim. P. 3.800(c) motion to mitigate.  App. Exh. N, O.

Petitioner filed a *pro se* state petition for writ of habeas corpus alleging ineffective assistance of appellate counsel.   App. Exh. P1.  The First DCA *per curiam* denied relief "on the merits" without opinion.  App. Exh. P2; *French v. State*, 955 So.2d 60 (Fla. 1st DCA 2007).   Petitioner filed a *pro se* motion for post-conviction relief pursuant to Fla.R.Crim.P. 3.850.  App. Exh. Q1.  Petitioner voluntarily dismissed the motion.  App. Exh. Q2, Q3.

Petitioner filed a second *pro se* Rule 3.850 motion.  App. Exh. R.  The court summarily denied all but one of Petitioner's claims.  The court ordered an evidentiary hearing on Petitioner's claim that his trial counsel was ineffective for failing to adequately argue for a judgment of acquittal on Count VIII (carrying a concealed firearm).  App. Exh. T.  The State conceded Petitioner's entitlement to relief, and that conviction was vacated and Petitioner was resentenced.  App. Exh. V, W.  Petitioner appealed, and the First DCA *per curiam* affirmed the denial of Petitioner's other Rule 3.850 claims without opinion.  App. Exh. AA; *French v. State*, 37 So.3d 851 (Fla. 1st DCA 2010) (table).

The instant Petition, which Respondent concedes is timely, followed.  Doc. 1. Petitioner asserts three grounds for relief: (1) the State failed to prove every element of the charge of resisting a law enforcement officer with violence; (2) Petitioner was denied a fair trial because the prosecutor asked him on cross examination if the state witnesses were lying, violated the "Golden Rule", and shifted the burden of proof to Defendant, and trial counsel failed to object; (3) Petitioner was "unlawfully" sentenced to the statutory maximum for the charge of aggravated assault on a law enforcement officer.  *Id*. Although Petitioner provides no elaboration regarding counsel's performance under

Ground (2), the Court will liberally construe the Petition as also asserting an ineffective-assistance claim.

## Section 2254 Standard of Review

Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Under § 2254(e)(1), the petitioner must advance clear and convincing evidence that the state court's factual determination was "objectively unreasonable" to rebut the presumption that the determination was correct. *Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir.2011); see § 2254(e) (1).

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). "[C]learly established Federal law, as determined by the Supreme Court of the United States," refers only to holdings (rather than *dicta*) of the Supreme Court, but decisions of lower federal courts may be considered to the extent that they demonstrate how those courts applied Supreme Court holdings. *Hawkins v. Alabama,* 318 F.3d 1302, 1309 (11th Cir. 2003) (citations omitted) ("The decisions of other federal circuit courts (and our decisions for that matter) are helpful to the AEDPA inquiry only to the extent that the decisions demonstrate that the Supreme Court's pre-existing, clearly established law compelled the circuit courts (and by implication would compel a state court) to decide in a definite

way the case before them."). *See also Carey v. Musladin,* 549 U.S. 70, 74-77 (2006) (§ 2254 refers to holdings, rather than *dicta,* of the Supreme Court, collecting circuit cases "[r]eflecting the lack of guidance from this Court," on the issue).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meanings. *Williams v. Taylor,* 529 U.S. 362, 404-406 (2000); *Bell v. Cone,* 535 U.S. 685, 694 (2002) (citing *Williams* ). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams,* 529 U.S. at 412-13. "Avoiding these pitfalls [described in *Williams v. Taylor* ] does not require citation of our cases-indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8  (2002) (emphasis in original). Further, "whether a state court's decision was unreasonable must be assessed in light of the record the court had before it." *Holland v. Jackson,* 542 U.S. 649, 652  (2004).

In *Gill v. Mecusker*, 633 F.3d 1272 (11th Cir. 2011), the Eleventh Circuit clarified how the federal habeas court should address the "unreasonable application of law" and the "unreasonable determination of facts" tests.  The court acknowledged the well-settled principle that summary affirmances, such as the Florida First District Court of Appeal's in this case, are presumed adjudicated on the merits and warrant deference.

*Id*. at 1288 (citing *Harrington v. Richter*, ___ U.S. ___, 131 S.Ct. 770, 784–85 (2011), and *Wright v. Sec'y for the Dep't of Corr.*, 278 F.3d 1245, 1254 (11th Cir.2002)). "A judicial decision and a judicial opinion are not the same thing," and the Supreme Court has confirmed that determining whether the state court unreasonably applied the law or unreasonably determined the facts requires only a decision, not an opinion. *Id*. at 1291 (citing *Harrington*, 131 S.Ct. at 784). Yet, the Supreme Court has never squarely addressed whether under the "unreasonable application" test a federal habeas court "looks exclusively to the objective reasonableness of the state court's ultimate conclusion or must also consider the method by which the state court arrives at its conclusion." *Id*. at 1289 (quoting *Neal v. Puckett*, 286 F.3d 230, 244–45 (5th Cir.2002) (summarizing the emerging circuit split)). The Eleventh Circuit concluded that district courts must apply the plain language of § 2254(d) and answer the "precise question" raised in a claim based on the state court's ultimate legal conclusion, and should not "evaluate or rely upon the correctness of the state court's process of reasoning." *Id.* at 1291. In short, the court stated, "the statutory language focuses on the result, not on the reasoning that led to the result." *Id.*

In light of *Gill,* the "unreasonable determination of facts" standard plays a limited role in habeas review because the district court considers the reasonableness of the trial court's fact finding only to the extent that the state court's ultimate conclusion relied on it. *Id*. at 1292. A federal habeas court can consider the full record before it to answer "the only question that matters[:]" whether the state court's decision was objectively unreasonable. *Gill*, 133 F.3d at 1290.

Because Petitioner's second claim, liberally construed, alleges ineffective

assistance, a review of the applicable law is necessary. Under *Strickland v. Washington*, 466 U.S. 668, 677-78 (1984), to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland*, 466 U.S. at 686. The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Id*. at 697.

To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted). "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). There are no "absolute rules" for determining whether counsel's actions were indeed reasonable, as "[a]bsolute rules would interfere with counsel's independence–which is also constitutionally protected–and would restrict the wide latitude counsel have in making tactical decisions." *Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001). "To uphold a lawyer's strategy, [the Court] need not attempt to divine the lawyer's mental processes underlying the strategy." *Chandler v. United States*, 218 F.3d 1305, 1314 n.16 (11th Cir. 2000) (en banc). "No lawyer can be expected to have considered all of the ways [to provide effective assistance]." *Id*.

> If a defense lawyer pursued course A, it is immaterial that some other reasonable courses of defense (that the lawyer did not think of at all) existed and that the lawyer's pursuit of course A was not a deliberate choice between course A, course B, and so on. The lawyer's strategy was course A. And [the Court's] inquiry is limited to whether this strategy, that

is, course A, might have been a reasonable one.

*Id*.

To show prejudice, a defendant must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A "reasonable probability is defined as a probability sufficient to undermine confidence in the outcome." *Id*.

When, as here, the state courts have denied an ineffective assistance of counsel claim on the merits, the standard a petitioner must meet to obtain federal habeas relief is a difficult one. *Harrington* 131 S.Ct. at 786. The standard is not whether an error was committed, but whether the state court decision is contrary to or an unreasonable application of federal law that has been clearly established by decisions of the Supreme Court. 28 U.S.C. § 2254(d)(1). As the Supreme Court explained, error alone is not enough, because "[f]or purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington*, 131 S.Ct. at 785 (quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. at 786.

When faced with an ineffective assistance of counsel claim that was denied on the merits by the state courts, a federal habeas court "must determine what arguments or theories supported or, [if none were stated], could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of

[the Supreme] Court." *Id*. So long as fairminded jurists could disagree about whether the state court's denial of the claim was inconsistent with an earlier Supreme Court decision, federal habeas relief must be denied. *Id*. Stated the other way, only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents" may relief be granted. *Id*.

Even without the deference due under § 2254, the *Strickland* standard for judging the performance of counsel "is a most deferential one." *Id*. at 788. When combined with the extra layer of deference that § 2254 provides, the result is double deference and the question becomes whether "there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id*. Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.

<u>Discussion</u>

*Claim 1: Sufficiency of State's Evidence*

Petitioner contends that the State offered no evidence regarding "any violent act done or offered toward Officer Dalton during the arrest period. The State failed to prove the defendant resisted arrest with violence." Doc. 1.

Respondent contends that Petitioner failed to exhaust this claim in state court because he raised it only as an ineffective-assistance claim in his Rule 3.850 motion that alleged counsel failed to file an adequate motion for judgment of acquittal on the resisting-arrest charge. Doc. 15; *see* App. Exh. R.

Before bringing a habeas action in federal court, a petitioner must exhaust all

state court remedies that are available for challenging his conviction, either on direct

appeal or in a state post-conviction motion.  28 U.S.C. § 2254(b)(1), (c).  Exhaustion

requires that prisoners give the state courts a "full and fair opportunity" to resolve all

federal constitutional claims by "invoking one complete round of the State's established

appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  To

properly exhaust a federal claim, a petitioner must "fairly present" his federal claim in

each appropriate state court, thereby affording the state courts a meaningful opportunity

to "pass upon and correct alleged violations of its prisoners' federal rights."  *Baldwin v.*

*Reese*, 541 U.S. 27, 29 (2004) (quotation omitted).

    In his appeal from the denial of his Rule 3.850 motion, Petitioner did argue that

the trial court committed fundamental error by denying relief on his evidence-sufficiency

claim.  App. Exh. Y.  Respondent contends that, under Florida law, presentation of a

claim on appeal different from that asserted below operates as a waiver of that claim.

Doc. 15 (citing *Terry v. State*, 668 So.2d 954, 961 (Fla. 1996)).  Respondent further

contends that under Florida law, claims of insufficient evidence may not be raised on

collateral review.  *Id*. (citing *Smith v. State*, 41 So.3d 1037, 1040 (Fla. 1st DCA 2010)).

Respondent concedes, however that Petitioner raised the issue of the sufficiency of the

evidence in his direct appeal.  Doc. 15, *see* Exh. B; J at 21-23).  The State argued in

response that the issue had not been properly preserved for appeal.  Doc. 15; *see* Exh.

K.  The First DCA did not explicitly address the evidence-sufficiency issue in it's *per*

*curiam* opinion affirming in part and reversing in part; it addressed only the conclusion

that Counts V and VI were duplicative.  *See* App. Exh. M.

    Nevertheless, because the State argued procedural default and the state

appellate court did not reject the argument, the state appellate court is presumed to have applied the state's procedural default rules. *See Bennett v. Fortner*, 863 F.2d 804, 807 (11th Cir.) ("[W]hen a procedural default is asserted on appeal and the state appellate court has not clearly indicated that in affirming it is reaching the merits, the state court's opinion is based on the procedural default.") *cert. denied*, 490 U.S. 1071, 109 S.Ct. 2077, 104 L.Ed.2d 641 (1989). Thus, the Court agrees that Petitioner procedurally defaulted his evidence-sufficiency claim. Petitioner presents no argument that he can show any cause or prejudice sufficient to overcome the procedural default.

Even if the claim were not procedurally defaulted, it is clear that it is due to be rejected on the merits.[2] In addressing Petitioner's ineffective assistance claim on postconviction review regarding sufficiency of the evidence, the trial court stated:

> In claim one, Defendant alleges that counsel was ineffective for failing to make an adequate motion for judgement of acquittal as to the resisting an officer charge. Defendant's allegations fail to satisfy either prong of *Strickand v. Washington*, 466 U.S. 668, 687 (1984). Furthermore, "where there is no showing that a motion for judgement of acquittal had a likelihood of success, a movant has not presented a facially sufficient claim of ineffective assistance of counsel." *See Neal v. State*, 854 So.2d 666 (Fla. 2nd DCA 2002). In the instant case, there was sufficient evidence introduced at trial to support all the elements of this charge. *See TR pgs.* 41-50; 53-58; 60-64; 67-70. To the extent Defendant alleges that counsel failed to argue inconsistencies in the evidence to support a motion for judgement of acquittal, his claim is without merit. *See Sampson v. State*, 832 So.2d 251 (Fla. 5th DCA 2002).

App. Exh. T.

Thus, although Petitioner asserted his claim in the context of ineffective-assistance, the state court made an explicit finding that the trial evidence was sufficient

---

[2]Pursuant to 28 U.S.C § 2254(b)(2), a habeas petition may be denied on ther merits, notwithstanding Petitioner's failure to exhaust state court remedies.

to establish each element of the resisting-an-officer charge. *See id.*

When reviewing a claim of the sufficiency of the evidence on federal habeas review, this Court is required to view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). "In determining whether the facts of a particular case satisfy the *Jackson* standard, it is necessary to refer to the essential elements of the crimes as defined by state law." *Wilcox v. Ford*, 813 F.2d 1140, 1143 (11th Cir. 1987) (citations omitted).

Under Florida law:

Whoever knowingly and willfully resists, obstructs, or opposes any officer ... or other person legally authorized to execute process in the execution of legal process or in the lawful execution of any legal duty, by offering or doing violence to the person of such officer or legally authorized person, is guilty of a felony of the third degree[.]

§ 843.01, Fla. Stat. (2004); *see Perry v. State*, 861 So.2d 462, 463-464 (Fla. 1st DCA 2003). To prove a violation of the statute, the State must show beyond a reasonable doubt that:

1. The defendant knowingly and willfully resisted, obstructed, and/or opposed an officer by offering to do violence or doing violence to the officer;

2. At the time the officer was engaged in the execution of legal process or lawful execution of a legal duty; and

3. At the time the officer was an officer as defined by statute.

*Id.*

In support of its order rejecting this claim on postconviction review, the state court attached relevant portions of the trial record to its order, including the relevant portions

of Officer Dalton's testimony. *See id*. Dalton testified that in the course of responding to

a noise complaint, Petitioner reacted with hostility and indicated he had "something in

his pocket" for Dalton. After being tased, Petitioner withdrew a gun from his pocket and

fired it at Dalton. He pursued Dalton and continued firing as Dalton sought cover behind

his patrol car. Petitioner threatened to kill the officers, and continued to fight the

responding officers until he was eventually subdued. *Id*. at 10-34. Other testimony,

including Officer Smith's, corroborated these events. *See* App. Exh. T.

On this record, and viewing the evidence in the light most favorable to the

prosecution, it is clear that a rational trier of fact could have found the essential elements

of the crime beyond a reasonable doubt. Petitioner has failed to show that state court's

rejection of this claim was contrary to, or an unreasonable application of, federal law.

### Claim 2: Prosecutorial Misconduct and Ineffective Assistance

Petitioner contends that the "Prosecutor asked the defendant on cross-

examination if state witnesses were 'lying' or 'not telling the truth' nine times; committed

a Golden Rule violation asking the jury to 'imagine the adrenaline and fear'; and shifted

the burden of proof onto the defendant. Trial counsel failed to object to the many

improper comments made." Doc. 1. In rejecting this claim on postconviction review, the

state court found that counsel was not ineffective for failing to object because "none of

these isolated arguments was objectionable." App. Exh. T. The state court did not

address prosecutorial misconduct as an independent due process claim.

Respondent correctly contends that Petitioner procedurally defaulted his

prosecutorial-misconduct claim as an independent due process claim because it was not

raised on direct appeal and under Florida law claims of prosecutorial misconduct alone

are not cognizable on postconviction review.  Doc. 15, *see Bell v. State*, 965 So.2d 48,

60 (Fla. 2007).   Under these circumstances, it is reasonable to assume that the state

court on postconviction review applied the procedural bar to Petitioner's independent

due process claim.  *See Tower v. Phillips*, 7 F.3d 206 (11th Cir. 1993) ("[W]e may not

assume that had the state court issued an opinion, it would have ignored its own

procedural rules and reached the merits").  Petitioner makes no argument that he can

establish cause and prejudice sufficient to overcome the procedural default.

The state court assessed the prosecutor's comments and found that they were

not objectionable, and that counsel was not ineffective under *Strickland* for failing to

object to the prosecutor's proper comments on the evidence.  App. Exh. T.   It is thus

clear that the state court would have overruled objections to the challenged statements.

Moreover, as the State points out, the evidence against Petitioner did not rest wholly on

witness credibility because the State also presented extensive physical evidence

showing that Petitioner discharged his firearm at the officers.  *See* App. Exh. E.  Thus,

even if counsel arguably erred in failing to object to the prosecutor's questioning

Petitioner as to whether other witnesses were lying, viewing the trial evidence as a whole

there is no reasonable probability that the outcome of the proceeding would have been

different but for counsel's failure to object.  The evidence of Petitioner's guilt was

overwhelming.   Accordingly, Petitioner has failed to show that the state court's rejection

of this claim reflects an unreasonable application of *Strickland.*

### Claim 3: Unlawful Sentence

Petitioner contends that his sentence to the statutory maximum 15 years for

aggravated assault on a law enforcement officer violated *Apprendi v. New Jersey*, 530

U.S. 466 (2000), because the state court used "personal findings" rather than the jury verdict alone to sentence him.  Doc. 1.

As Respondent points out, Petitioner raised this claim only as an ineffective-assistance issue in his Rule 3.850 motion, and therefore the claim is procedurally defaulted.  *See* App. Exh. T (state court finding no ineffective assistance for failing to object to imposition of statutory maximum sentence because sentencing court stated valid reasons for imposing sentence).  Petitioner makes no argument that he can show cause and prejudice to overcome the default.

Moreover, it is clear that he is not entitled to relief on the merits of this claim.  In *Apprendi* and *Blakely v. United States, Blakely v. Washington,* 542 U.S. 296 (2004), the U.S. Supreme Court held that other than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the statutory maximum* must be submitted to a jury and proven beyond a reasonable doubt.  In this case, under Florida law, the jury verdict alone permitted a sentence up to the statutory maximum.  *See* § 921.0024(2), Fla. Stat. (2004).  At sentencing, the trial court expressly rejected the prosecutor's argument for a higher sentence because factors relating to a higher sentence were not presented to the jury.  App. Exh. G at 7.  Petitioner has made no showing that his sentence violated *Apprendi*, or that this claim provides any basis for federal habeas relief.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the

showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That the petition for writ of habeas corpus (Doc. 1) should be **DENIED**.

2. That a certificate of appealability should be **DENIED.**

**IN CHAMBERS** this 28ᵗʰ day of June 2013.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.